UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMY KERR, ) | CASE NO. 3:15-cv-2438 |
| ) | |
| ) | |
| PETITIONER, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| NEIL TURNER, Warden, ) | |
| ) | |
| ) | |
| RESPONDENT. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge James R. Knepp II (Doc. No. 10 ["R&R"]) recommending denial of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Jeremy Kerr ("Kerr") filed objections to the R&R.[1] (Doc. No. 11 ["Obj."].) At the Court's direction, respondent Neil Turner filed a reply to the objections. (Doc. No. 13 ["Reply"].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001), this Court has made a *de novo* determination of the magistrate judge's well-

---

[1] Notwithstanding the fact that the objections were not filed within fourteen days of service of the R&R, and, thus, waived, *see United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), the Court considered the objections on the merits.

written R&R. For the reasons stated below, the Court overrules Kerr's objections, adopts the R&R in its entirety, and denies Kerr's petition for a writ of habeas corpus.

Pursuant to the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. 28 U.S.C. § 2254(d). Under the contrary clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id*. To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Anrade*, 538 U.S.

63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas petition by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir.), *cert. denied*, 571 U.S. 1077, 134 S. Ct. 693, 187 L. Ed. 2d 559 (2013); *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

Kerr filed his habeas petition to challenge his 2013 state court convictions for theft. In his R&R, the magistrate judge summarized Kerr's efforts to appeal his conviction in the state courts, and, in the absence of any objections as to this summary, the Court adopts the procedural history as laid out in the R&R. Turning to Kerr's habeas arguments, the magistrate judge grouped Kerr's assignments of error into two categories: (1) evidentiary rulings relating to the introduction of "other acts" evidence under Ohio R. Evid. 404(B) (Grounds Twenty-One and Twenty-Two); and (2) challenges to the sufficiency of the evidence (Grounds One through Twenty and Twenty-Three through Twenty-Six). Noting that state evidentiary rulings are generally not cognizable on habeas review, the magistrate judge recommended the rejection of these claims because Kerr failed to demonstrate how the state appellate court's treatment of these evidentiary rulings violated fundamental fairness or any other federal constitutional right. (R&R at 603.) As for his sufficiency grounds, the magistrate judge found Kerr's view of the evidence offered at trial failed to establish that no rational trier of facts would have found the essential elements of theft beyond a reasonable doubt. (*Id*. at 608.) Kerr challenges both determinations.

As Kerr did in his merits brief, he once again argues in his objections that the state appellate court improperly determined that there was sufficient evidence adduced at trial to support a jury determination that he possessed the requisite intent to deprive the victim of the

possession of his property. Yet, Kerr fails to appreciate the double level of deference that must be applied on federal habeas review of sufficiency arguments. In *Thomas v. Stephenson*, 898 F.3d 693 (6th Cir. 2018), the Sixth Circuit recently discussed this demanding standard. There, the court observed:

> Criminal defendants have a due-process right not to be convicted of a crime "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [they are] charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). But under ADEP, our review of a state-court conviction for sufficiency of the evidence is very limited. *See Brown v. Konteh*, 567 F.3d 191, 204 (6th Cir. 2009). We give two layers of deference to state-court convictions.
>
> *First*, as in other sufficiency-of-the-evidence challenges, we determine "whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). We do not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Id*. This means that "even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution." *Id*.
>
> *Second*, "even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt . . . we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*. (emphases omitted) (citing 28 U.S.C. § 2254(d)(2)).
>
> "[T]his standard is difficult to meet," no doubt, but "that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). "[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id*. at 102-03, 131 S. Ct. 770 (internal quotation marks and citation omitted).

*Id*. at 698.

Applying this doubly-deferential standard, the Court cannot find that the state appellate court's sufficiency determination was unreasonable. Further, this conclusion is not affected by

Kerr's argument that the state appellate court misapplied Ohio law regarding how "minimal" or "substantial" work performed negates intent to deprive a party of payment under a service contract. While Kerr argues that the state appellate court's purported misunderstanding of the Ohio theft statute "clouded" its sufficiency determination, Herr, again, misunderstands this Court's role on habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Swarthout Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quotation marks omitted). Rather, a federal court is bound by a state court's construction of that state's own statutes. *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); *Brown v. Ohio*, 432 U.S. 161, 167, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *see also Jones v. Harry*, 405 F. App'x 23, 29 (6th Cir. 2010) (a "state court's determination of state law is not cognizable on habeas review").

Kerr's argument relative to the state trial court's admission of "other acts" evidence is equally unavailing. Kerr highlights factual differences, based on his view of the evidence at trial, between the charged transaction and the uncharged transaction involving a different customer. However, he fails to explain how these factual distinctions rendered the admission of this other transaction a violation of fundamental fairness, let alone a violation of the Ohio Rules of Evidence. *See Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (noting that a state court evidentiary ruling must "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental[,]" to be actionable on habeas review) (quotation marks omitted); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (holding

that "[t]he district court correctly ruled that it could not provide habeas relief even if the prior acts testimony was admitted in violation of Ohio law[,] and finding no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence); *see, e.g., Vance v. Klee*, No. 09-CV-11368, 2017 WL 4176600, at *6 (E.D. Mich. Nov. 21, 2017) ("The admission of . . . 'other acts' evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of 'prior bad acts' evidence.")

Having reviewed the state court record, Kerr's habeas corpus petition, and his objections to the R&R, the Court finds that Kerr has not shown that the decisions of the state courts of Ohio were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or the decisions were based on an unreasonable determination of the facts in light of the evidence presented to the state courts as required by § 2254(d).

Accordingly, the petition for a writ of habeas corpus is DENIED. For the reasons set forth above, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. 2253; Fed. R. App. P. 22(b).

**IT IS ORDERED**.


Dated: December 17, 2018

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**